NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ECC INTERNATIONAL CONSTRUCTORS, LLC,**
*Appellant*

**v.**

**SECRETARY OF THE ARMY,**
*Appellee*

---

2022-1368

---

Appeal from the Armed Services Board of Contract Appeals in No. 59643, Administrative Judge Owen C. Wilson, Administrative Judge Richard Shackleford, Administrative Judge Timothy Paul McIlmail.

---

Decided:  August 22, 2023

---

ROY DALE HOLMES, Cohen Seglias Pallas Greenhall & Furman, Philadelphia, PA, argued for appellant.  Also represented by MICHAEL H. PAYNE.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, LINN, and CUNNINGHAM, *Circuit Judges*.

PROST, *Circuit Judge*.

ECC International Constructors, LLC ("ECCI") appeals a decision of the Armed Services Board of Contract Appeals ("Board") partially dismissing its claim for lack of jurisdiction. *ECC Int'l Constructors, LLC*, ASBCA No. 59643, 21-1 BCA ¶ 37,967 (Nov. 10, 2021). We reverse and remand.

The U.S. Army Corps of Engineers awarded ECCI a contract in 2010 to design and build a military compound in Afghanistan. On May 2, 2014, ECCI submitted a claim to the contracting officer under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109, seeking $3,767,856.32 in relief for additional costs it allegedly incurred due to government directives to perform extra work. After years of litigation and a hearing on the merits in June 2020, the government moved to dismiss nine out of 23 direct cost items identified in ECCI's claim for lack of subject-matter jurisdiction, arguing that each of those nine cost items comprises multiple sub-claims that require, but failed to state, their own sum certain. The Board granted the government's motion to dismiss.

Today we issued an opinion in a companion appeal, No. 21-2323, from the Board's dismissal of a claim arising out of the same contract. Like here, the Board in that case dismissed ECCI's claim for lack of subject-matter jurisdiction because ECCI failed to state a sum certain for each sub-claim. We reversed and remanded, holding that the sum-certain requirement for CDA claims is a mandatory but nonjurisdictional requirement subject to forfeiture.

Our holding in the companion appeal compels the same result here. Accordingly, we reverse the Board's partial dismissal for lack of subject-matter jurisdiction. We remand for the Board to evaluate whether the government

forfeited its right to challenge ECCI's satisfaction of the sum-certain requirement, and, if it did, to consider ECCI's case on the merits.

**REVERSED AND REMANDED**

COSTS

No costs.